FILED _____ RECEIVED
_____ ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

OCT 30 2017

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TERRIA McKNIGHT,

           Plaintiff,

v.

NEVADA DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,

           Defendants.

3:17-cv-00483-MMD-VPC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is Terria McKnight's ("plaintiff") application to proceed *in forma pauperis* (ECF No. 1) and *pro se* complaint (ECF No. 1-1). Having reviewed the record, the court recommends that plaintiff's application to proceed *in forma pauperis* be granted, and that the complaint be dismissed with prejudice.

## I. *IN FORMA PAUPERIS* APPLICATION

As set forth in 28 U.S.C. § 1915(a), the court may authorize a plaintiff to proceed *in forma pauperis* if he or she is unable to pay the prescribed court fees. The plaintiff need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Rather, "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In her application, plaintiff indicates that her monthly income is $126 after expenses. (ECF No. 1 at 2.) Requiring plaintiff to pay the $400.00 filing fee would surely impose a significant burden on her ability to pay for food, board, and other necessities of life. Based on the foregoing, the court finds that plaintiff is unable to pay the filing fee in this matter. Accordingly, the court recommends that plaintiff's application to proceed *in forma pauperis* be granted.

## II. LEGAL STANDARD

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. Section 1915 provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under section 1915 when reviewing the adequacy of a complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

Under Rule 12(b)(6), the court must dismiss the complaint if it fails to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the complaint need not contain detailed factual allegations, it must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court takes particular care when reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, a *pro se* plaintiff must be given some notice of the deficiencies of his or her complaint, and leave to amend, unless the opportunity to amend would be futile. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Despite this leniency, a district court may in its discretion dismiss an *in forma pauperis* complaint if the claim "lacks an arguable basis in either law or fact." *Id.* This includes claims based on untenable legal conclusions (e.g., claims against defendants who are immune from suit) or fanciful factual allegations. *See Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

## III. DISCUSSION

### A. Background Allegations

Plaintiff brings this action against the Nevada Department of Health and Human Services Division of Welfare and Supportive Services ("DWSS") and the DWSS Administrative Adjudication Office ("AAO"). (ECF No. 1-1 at 1.)

According to the complaint, plaintiff is a person with disabilities. (*Id.* at 2.) She resides in Lyon County, Nevada with her son who is diagnosed with autism; they both receive Social Security disability benefits. (*Id.*) On March 22, 2017, plaintiff submitted a redetermination application for Supplemental Nutrition Assistance Program ("SNAP") benefits. (*Id.*) The DWSS Yerington Office interviewed plaintiff concerning her application. (*Id.* at 3.) While "inputting expenses into the computer to be calculated," an interviewer refused to accept plaintiff's evidence of her medical and shelter expenses. (*Id.*) On March 29, 2017, DWSS sent plaintiff an "Insufficient Information Request," which disregarded plaintiff's claimed shelter expenses. (*Id.*) This document was "unclear in how the conclusion was reached." (*Id.*)

Plaintiff filed an appeal on May 2, 2017 and a telephone hearing was subsequently held on May 22, 2017. (*Id.*) During the hearing, fifty-three pages of documents and exhibits were faxed to plaintiff and "read very fast by the person on the other line." (*Id.*) The faxed documents had information "blackened out" and were generally unreadable, due to an error in copying the original documents. (*Id.*) Plaintiff notified the hearing officers that she was confused and that she "did not receive the documents early enough to go through them;" elsewhere, plaintiff claims that the documents were not faxed to her until over thirty minutes into the hearing. (*Id.*; *id.* at 9-10.) A hearing officer replied that "this is the way we always do this." (*Id.*) Plaintiff "tried to say what issues [she] had" and stated that she would wait for the hearing decision before taking further action. (*Id.*)

The AAO sent plaintiff the hearing decision on July 10, 2017. (*Id.*) The decision concluded that plaintiff was responsible for heating and cooling costs but did not provide an amount. (*Id.*) The decision also contained SNAP eligibility calculations regarding her shelter expenses. (*Id.*) On April 28, 2017, the hearing office upheld the hearing decision. (*Id.* at 4.)

Plaintiff alleges that defendants' denial of plaintiff's application for Supplemental Nutrition Assistance Program ("SNAP") benefits violated her constitutional and federal statutory rights, enumerated in Counts I through VII. (*Id.*) Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages in the amount of $1,900,000. (*Id.* at 13.)

### B. *Burford* Abstention

*Burford* abstention requires a federal district court to abstain from exercising jurisdiction if the court's exercise of federal review "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Colorado River*, 424 U.S. 800, 814 (1976). In the Ninth Circuit, application of *Burford* abstention requires "first, that the state has chosen to concentrate suits challenging the actions of the agency involved in a particular court; second, that federal issues could not be separated easily from complex state law issues with respect to which state courts might have special competence; and third, that federal review might disrupt state efforts to establish a coherent policy." *United States v. Morros*, 268 F.3d 695, 705 (9th Cir. 2001) (internal quotations omitted). A federal court must dismiss a case meeting these requirements where "timely and adequate state-court review is available ...." *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 361 (1981). Though the Ninth Circuit has not ruled on the applicability of *Burford* abstention in the context of SNAP benefits, a district court in the First Circuit has held that abstention is appropriate in an action regarding the calculation of SNAP benefits because "plaintiff [was] asking the court to act in a prohibited capacity – that of an appellate court reviewing, and overturning, the state hearing officer's decision." *Kilroy v. Mayhew*, 841 F. Supp. 2d 414, 424 (D. Me. 2012) (*Burford* abstention appropriate where state statute vests jurisdiction in state court because federal review would effectively create "a dual review structure for adjudicating a state's specific regulatory actions")

This court recommends that plaintiff's complaint be dismissed under the doctrine of *Burford* abstention. First, Nevada has chosen to concentrate suits challenging the DWSS's determination of SNAP benefits in Nevada's state courts. 38 Nev. Revised Stat. § 422A.295(2005). Under Title 38 of Nevada Revised Statute, Chapter 422A, SNAP claimants may secure review first by an administrative hearing officer, and then by a state district court,

with higher levels of review available at the Nevada Court of Appeals and Supreme Court of Nevada. *Id.* § 422A. Second, plaintiff's federal claims cannot easily be separated from the "complex state law issues" presented in her action because her claims essentially ask the court to review the method by which DWSS determined plaintiff's eligibility for SNAP benefits. In fact, plaintiff's claim in Count II challenges several of DWSS's and AAO's calculations. (ECF No. 1-1 at 4.) Under the Food Stamp Act, which created SNAP, it is the participating state agency's responsibility to certify applicant households and issue benefits under a state-created plan of operation. 7 U.S.C.A. § 2020 (2012) (stating that the Secretary of Agriculture must approve the plan). Plaintiff's claims regarding the propriety of DWSS's calculations and procedures thus involve complex state law issues that should be left to the expertise of Nevada state courts. Third, federal review of plaintiff's claims would interfere with the coherency of Nevada's administrative regulations and processes regarding SNAP. Plaintiff challenges DWSS's method of weighing evidence, providing notice, calculating her eligibility, and conducting an appeal. (ECF No. 1-1 at 4–12.) Because the Food Stamp Act delegates authority to participating states to promulgate regulations governing benefits determinations and appeals, plaintiff's claims interfere with Nevada's efforts to create a coherent SNAP benefits policy. *Id.*; 7 C.F.R. §271-273 (2016).

Finally, "time and adequate state-court review" is available to plaintiff. *See New Orleans Pub. Serv., Inc.*, 491 U.S. at 361. After a party appeals a decision to an administrative hearing officer and a final decision is rendered, the party can petition a Nevada state district court for judicial review within ninety days from the date written notice of the decision was mailed. 38 N.R.S. § 422A.295 (2005). The state court may then reverse the decision and remand the case for further proceedings if it finds "violations of constitutional, regulatory or statutory provisions." *Id.* Here, plaintiff states that she has received a final decision from an administrative hearing officer and plaintiff should have appealed her SNAP benefits determination to a Nevada state district court. (ECF No. 1-1 at 4.) Though she alleges violations of her constitutional and federal rights, the state courts are vested with the authority to hear plaintiff's claims and may reverse and remand on federal grounds. 38 N.R.S. §§ 422A.295, 422A.300(3)(a). Federal review of plaintiff's complaint would serve as an end run around the Nevada Legislature's process for

challenging benefit determinations, and effectively create "a dual review structure for adjudicating a state's specific regulatory actions." *Kilroy*, 841 F.Supp.2d at 423. Accordingly, the court lacks the authority to grant plaintiff relief under the doctrine of *Burford* abstention. The court recommends that plaintiff's complaint be dismissed with prejudice because amendment would be futile. 28 U.S.C. 1915(e)(2)(B)(ii); *Cato*, 70 F.3d at 1106.

## IV. CONCLUSION

Consistent with the foregoing, the court finds that dismissal is warranted under 28 U.S.C. 1915(e)(2)(B)(ii). Because amendment would be futile, the dismissal should be with prejudice. *See Cato*, 70 F.3d at 1106.

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** plaintiff's complaint (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that the complaint (ECF No. 1-1) be **DISMISSED WITH PREJUDICE.**

DATED: October 30, 2017.

_____
UNITED STATES MAGISTRATE JUDGE