1

2

3

4

5                                UNITED STATES DISTRICT COURT

6                                    DISTRICT OF NEVADA

7                                          * * *

8     TERRIA McKNIGHT,                            Case No. 3:17-cv-00483-MMD-VPC

9                             Plaintiff,                        ORDER

             v.
10
      NEVADA DEPARTMENT OF HEALTH
11    AND HUMAN SERVICES DIVISION OF
      WELFARE AND SUPPORTIVE
12    SERVICES; NEVADA DEPARTMENT OF
      HEALTH AND HUMAN SERVICES
13    DIVISION OF WELFARE AND
      SUPPORTIVE SERVICES
14    ADMINISTRATIVE ADJUDICATION
      OFFICE,
15
                              Defendants.
16

17    **I.      SUMMARY**

18           Before the Court is the Report and Recommendation of United States Magistrate

19    Judge Valerie P. Cooke (ECF No. 3) ("R&R") relating to Plaintiff's application to proceed

20    *in forma pauperis* ("IFP Application") (ECF No. 1) and *pro se* complaint (ECF No. 1-1).

21    Plaintiff filed her objection on November 6, 2017 ("Objection"). (ECF No. 4.)

22           For the reasons discussed herein, the Court accepts in part and rejects in part the

23    Magistrate Judge's R&R.

24    **II.     BACKGROUND**

25           Plaintiff, an individual with disabilities who resides in Lyon County, Nevada, brings

26    seven purported claims for relief relating to incidents arising from a Nevada Department

27    of Health and Human Services Division of Welfare and Supportive Services ("DWSS")

28    Administrative Adjudication Office ("AAO") hearing to redetermine her application and

1  eligibility for Supplemental Nutrition Assistant Program ("SNAP") benefits. This Court

2  adopts the more detailed summary of the complaint's allegations in the R&R (ECF No. 3

3  at 3-4).

4  **III.    LEGAL STANDARD**

5      This Court "may accept, reject, or modify, in whole or in part, the findings or

6  recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a

7  party timely objects to a magistrate judge's report and recommendation, then the court is

8  required to "make a *de novo* determination of those portions of the [report and

9  recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails

10  to object, however, the court is not required to conduct "any review at all . . . of any issue

11  that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

12  Indeed, the Ninth Circuit has recognized that a district court is not required to review a

13  magistrate judge's report and recommendation where no objections have been filed. *See*

14  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003) (disregarding the

15  standard of review employed by the district court when reviewing a report and

16  recommendation to which no objections were made); *see also Schmidt v. Johnstone*,

17  263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in

18  *Reyna-Tapia* as adopting the view that district courts are not required to review "any

19  issue that is not the subject of an objection."). Thus, if there is no objection to a

20  magistrate judge's recommendation, then the court may accept the recommendation

21  without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without

22  review, a magistrate judge's recommendation to which no objection was filed).

23      In light of Plaintiff's objection to the R&R, the Court conducts a *de novo* review to

24  determine whether to adopt the R&R.

25  **IV.    DISCUSSION**

26      The Magistrate Judge recommends granting Plaintiff's IFP Application. Plaintiff

27  does not object to this recommendation. (ECF No. 3 at 1.) Accordingly, the Court will

28  accept the recommendation.

1    The Magistrate Judge further recommends that the complaint be dismissed with

2    prejudice in its entirety based on the doctrine of *Burford* abstention.[1] (ECF No. 3 at 6.)

3    After performing a *de novo* review, the Court rejects the Magistrate Judge's findings in

4    whole but accepts the Magistrate Judge's recommendations in part.

5        **A.    Claims in the Complaint**

6        While the complaint identifies seven distinct claims for relief, three of the claims

7    appear to be redundant.

8        Plaintiff's first claim is entitled "14th Amendment of the United States Constitution"

9    and states that Plaintiff was denied adequate notice under the Due Process Clause by

10   "[n]ot having rules on evidence exchange and not receiving information in a timely

11   manner." (ECF No. 1-1 at 4.) The Court construes this claim as a claim for violation of

12   Plaintiff's procedural due process rights under the Fourteenth Amendment brought

13   pursuant to 42 U.S.C. § 1983.

14       Plaintiff's second claim is entitled "Constitutional [*sic*] Article VI" and states that

15   "[c]alculations [of SNAP benefits] given by the Federal government is [*sic*] considered to

16   be the Supreme Law of the Land" and "[d]eviations in state calculations deprive Plaintiff

17   of the property interest in receiving benefits." (ECF No. 1-1 at 4.) The Court construes

18   this as an attempt to bring an independent claim for relief under the United States

19   Constitution's Supremacy Clause, U.S. CONST. art. VI, § 1, and/or a claim that the state

20   agency officer's calculations of her eligibility for SNAP are preempted by federal law.

21       Plaintiff's third claim is entitled "Regulations of the Department of Agriculture 7

22   C.F.R [*sic*] 273" and lists a variety of Department of Agriculture ("USDA") regulations

23   relating to SNAP eligibility determination and the process by which a state agency

24

25       [1]The R&R construes the *denial* of Plaintiff's application to be the basis for her
constitutional and statutory claims (*see* ECF No. 3 at 4), but the complaint identifies the
26   process by which the benefits hearing was conducted to be the basis for these claims
and the failure of the state agency to employ federal regulations as the basis for her
27   Supremacy Clause claim. Moreover, nowhere in the complaint does Plaintiff
unequivocally ask this Court to review the state agency's denial or ask this Court to order
28   that her SNAP benefits be reinstated.

1    conducts hearings to determine SNAP eligibility. (ECF No. 1-1 at 5-9 (citing 7 C.F.R. §§

2    273.2, 273.8, 273.9, 273.10, 273.15).) The Court construes this claim as being

3    redundant with Plaintiff's second claim although the Court incorporates the federal

4    regulations cited to by Plaintiff as part of that claim.

5         Plaintiff's fourth claim is entitled "42 USC 1983" and states that "there is a private

6    right of action under section 1983 to enforce the fair hearings requirement of the

7    Medicaid Act."[2] (ECF No. 1-1 at 9.) The Court construes this claim as being redundant

8    with Plaintiff's first claim.

9         Plaintiff's fifth claim is entitled "Americans with Disabilities Act of 1990 (ADA)" and

10   states that "Plaintiff has ADHD"[3] and contends that the agency did not communicate

11   effectively with her before or at the hearing in light of this alleged disability. (ECF No. 1-1

12   at 9-10.) The Court construes this as a claim for violation of the ADA under Title II. *See*

13   *United States v. Georgia*, 546 U.S. 151, 154 (2006) ("Title II authorizes suits by private

14   citizens for money damages against public entities that violate § 12132.")

15        Plaintiff's sixth claim is entitled "Deliberate Indifference" and states "[a]fter

16   knowing that my right to have information before the hearing was being violated the

17   Hearing Officer states that [*sic*] the way it is always done." (ECF No. 1-1 at 11.) Because

18   Plaintiff cites to case law dealing with the Eighth Amendment under the heading of

19   "Deliberate Indifference" (*see id.* at 10-11), the Court construes this as an Eighth

20   Amendment claim brought pursuant to 42 U.S.C. § 1983.

21        Plaintiff's seventh claim is entitled "Breach of Contract" and states that Plaintiff's

22   right to be heard was denied at the hearing "[b]y not being able to exchange evidence

23   before the hearing in a reasonable time frame" and that "being able to exchange

24   evidence should have been afforded . . . prior to the hearing." (ECF No. 1-1 at 11-12.)

25   Plaintiff further contends that because of this failure by Defendants the conclusion

26

27        [2]It is unclear why Plaintiff mentions the Medicaid Act as SNAP arises under the
     Food Stamp Act, 7 U.S.C. § 2001.

28        [3]"ADHD" stands for Attention Deficit Hyperactivity Disorder.

1  reached about her household income was not right. (*Id.* at 12.) Plaintiff does not identify

2  a contract that has been breached, and the cases cited relate to procedural due process.

3  (*Id.* at 11-12 (citing to *Mathews v. Eldridge*, 424 U.S. 31 (1976)).[4] Thus, the Court

4  construes this claim as being redundant with Plaintiff's first claim.

5  As a result, the Court construes the complaint as alleging a claim for relief under

6  the ADA and three independent claims for relief under 42 U.S.C. § 1983—violation of the

7  Fourteenth Amendment, violation of the Supremacy Clause, and violation of the Eighth

8  Amendment.

9  **B.    *Burford* Abstention**

10  Plaintiff's objection focuses exclusively on the doctrine of *Burford* abstention and

11  derivative arguments made against application of this doctrine to her case, as this is the

12  sole basis upon which the Magistrate Judge recommends dismissal. While the objection

13  is difficult to parse, Plaintiff appears to object to the applicability of *Burford* abstention on

14  five grounds:[5] (1) federal regulations vest jurisdiction in federal courts such that this

15  Court has federal question jurisdiction over Plaintiff's constitutional claims; (2) the state

16  court is no better equipped than this Court to handle the issues Plaintiff has raised; (3)

17  Article III of the United States Constitution requires this Court to exercise jurisdiction; (4)

18  refusing to hear this now will result in the state court proceeding on this matter barring

19  consideration by a federal court of the issues raised in this action; and (5) state policy

20  regarding SNAP benefits determination is preempted by conflicting federal law. (*See*

21  ECF No. 4 at 1-6.) The Court finds that the allegations in the complaint do not meet the

22  requirements for abstention under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).

23

24  [4]To the extent Plaintiff cites to 7 C.F.R. § 273.15 (*see* ECF No. 1-1 at 11), which requires "fair hearings" by state agencies implementing SNAP, the Court construes this as redundant with Plaintiff's second claim.

25
26  [5]To the extent Plaintiff contends that the "dismissal was due to personal feelings from another case . . . currently before the same judges and this prejudice is affecting the plaintiff *[sic]* ability to get justice" (ECF No. 4 at 4), the Court clarifies that a magistrate judge's R&R does not dismiss a plaintiff's action. The R&R merely makes findings and recommendations to the district judge for her consideration, with which the district judge may then agree or disagree.

27

28

5

1   "Because the federal courts' obligation to adjudicate claims within their jurisdiction

2   is virtually unflagging, abstention is permissible only in a few carefully defined situations

3   with set requirements." *United States v. Morros*, 268 F.3d 695, 703 (9th Cir. 2001)

4   (internal quotation marks and footnotes omitted). *Burford* abstention permits courts to

5   "decline to rule on an essentially local issue arising out of a complicated state regulatory

6   scheme." *Knudsen Corp. v. Nevada State Dairy Comm'n*, 676 F.2d 374, 376 (9th Cir.

7   1982). Application of *Burford* requires three things: (1) "that the state has chosen to

8   concentrate suits challenging the actions of the agency involved in a particular court"; (2)

9   "that federal issues could not be separated easily from complex state law issues with

10  respect to which state courts might have special competence"; and (3) "federal review

11  might disrupt state efforts to establish a coherent policy." *Id.* at 377. Under *Burford*

12  abstention, a federal court has discretion to "decline to exercise its jurisdiction when it is

13  asked to employ its historic powers as a court of equity" and may apply "abstention

14  principles to actions at law only to . . . enter a stay order that *postpones* adjudication of

15  the dispute, not to dismiss the federal suit altogether." *Quackenbush v. Allstate Ins. Co.*,

16  517 U.S. 706, 717, 719 (1996) (internal quotation marks omitted) (emphasis in original).

17          As an initial matter, this is an action in both equity and at law; Plaintiff requests

18  declaratory relief that her rights were violated, damages of $1.9 million, and vaguely

19  states a prayer for "injunctive, punitive, and emotional distress due to unfair treatment

20  and loss of SNAP benefits" pursuant to Fed. R. Civ. P. 8(a)(3). (ECF No. 1-1 at 12-13.)

21  Because the requested relief here includes claims at law and requires consideration of

22  whether a stay is appropriate, the Court finds that an order entering a stay is inapplicable

23  as there is no pending state action addressing the issues raised in the complaint or

24  appealing the determination of Plaintiff's SNAP eligibility.[6] Moreover, nowhere in the

25  ///

---

26          [6]Moreover, it is unclear whether, if the Court stayed this action to permit Plaintiff
27  to file an appeal, that she would be able to do so as the ninety-day period to appeal the
    hearing officer's final decision has expired. *See* NRS § 422A.295(2) (stating that an
28  applicant for public services may within 90 days after the date on which written notice of
    *(fn. cont...)*

6

1 complaint does Plaintiff either directly or indirectly ask this Court to review and change

2 the state agency's determination of her SNAP eligibility.

3      To the extent Plaintiff requests equitable relief, the relief requested does not

4 implicate state law issues that require adjudication by a Nevada state court. The crux of

5 Plaintiff's complaint is two-fold: (1) her rights under the Fourteenth and Eighth

6 Amendments as well as under the ADA were violated by conduct occurring around and

7 during her hearing; and (2) the state agency's calculations of her SNAP eligibility violated

8 the Supremacy Clause and/or are preempted by federal law governing calculation of

9 SNAP eligibility. *See Pimentel v. Dreyfus*, 670 F.3d 1096, 1099 (9th Cir. 2012) (stating

10 that the federal government "determines uniform program-eligibility criteria and benefit-

11 calculation formulae" for SNAP but that "individual participating states are responsible for

12 certifying qualifying households and issuing benefits" and must "comply with applicable

13 federal laws and regulations").

14      As to Plaintiff's claims that her rights were violated, long-standing Supreme Court

15 precedent makes clear that Plaintiff's contentions that the state agency's actions at and

16 surrounding her hearing violated her constitutional rights "authorize immediate resort to

17 federal court" under section 1983 regardless of whether that conduct is legal under state

18 law. *See Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 104

19 (1981) (citing to *Monroe v. Pape*, 365 U.S. 167 (1961), and *McNeese v. Bd. of Educ.*,

20 373 U.S. 668 (1963)). Moreover, the contention that the state agency failed to

21 communicate effectively with her before or at her hearing does not necessarily implicate

22 the state's determination of her SNAP eligibility, and Title II of the ADA provides a private

23 right of action against states where a "qualified individual with a disability"[7] is "excluded

24 from participation in or denied the benefits of the services, programs, or activities of a

25

26 *(…fn. cont.)*
the decision is mailed petition the state district court of the judicial district in which the applicant resides to review the decision).

27

28      [7]The ADA defines "qualified individual with a disability" as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, *(fn. cont...)*

1  public entity, or is subjected to discrimination by any such entity" by reason of her

2  disability. *United States v. Georgia*, 546 U.S. at 153 (quoting 42 U.S.C. § 12132); *see*

3  *also Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

4  As to Plaintiff's contention that the state agency violated the Supremacy Clause

5  and/or that its state policy is preempted by federal regulations, the Ninth Circuit has

6  found that *Burford* abstention is inappropriate when a claim is based on preemption, as it

7  is not plainly an issue "with respect to which state courts might have special

8  competence" and "because abstaining under *Burford* would be an implicit ruling on the

9  merits." *Morros*, 268 F.3d at 705 (quoting *Knudsen*, 676 F.2d at 377).

10  The Court therefore rejects the Magistrate Judge's finding that *Burford* abstention

11  applies and proceeds to screening under 28 U.S.C. § 1915.

12  **C.  Screening of Claims under 28 U.S.C. § 1915**

13  In proceeding to screening under 28 U.S.C. § 1915, the Court adopts the

14  standard set forth in the R&R. (*See* ECF No. 3 at 2.) Applying this pleading standard, the

15  Court dismisses Plaintiff's ADA claim without prejudice and with leave to amend based

16  on the deficiencies identified below. The Court dismisses Plaintiff's remaining claims

17  against DWSS and AAO with prejudice. The Court also grants Plaintiff leave to file a

18  Fourteenth Amendment claim consistent with the requirements set forth below.

19  **1.  Fourteenth Amendment Procedural Due Process Claim**

20  "The requirements of procedural due process apply only to the deprivation of

21  interests encompassed by the Fourteenth Amendment's protection of liberty and

22  property." *Bd. Of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). Therefore,

23  "[t]he first inquiry in every due process challenge is whether the plaintiff has been

24  deprived of a protected interest in 'property' or 'liberty.'" *Am. Mfrs. Mut. Ins. Co. v.*

25

26  *(…fn. cont.)*
the removal of architectural, communication, or transportation barriers, or the provision

27  of auxiliary aids and services, meets the essential eligibility requirements for the receipt
of services or the participation in programs or activities provided by a public entity." 42

28  U.S.C. § 12131(2).

*Sullivan*, 526 U.S. 40, 59 (1999). A person can have a property interest in continuing to receive government benefits. *See, e.g., Goldberg v. Kelly*, 397 U.S. 254, 261-263 (1970). But to have a property interest in a benefit, the person must "have a legitimate claim of entitlement to it," not just an abstract need or desire for it. *K.W. ex rel. D.W. v. Armstrong*, 789 F.3d 962, 972 (9th Cir. 2015) (citing *Roth*, 408 U.S. at 577).

However, the Supreme Court has explicitly barred suit against state agencies under 42 U.S.C. § 1983, including those claims against state agencies for violation of due process. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (Eleventh Amendment immunity applies to state agencies). Under the Eleventh Amendment to the United States Constitution, states enjoy sovereign immunity from suit brought by a state's own citizens. *Hans v. Louisiana*, 134 U.S. 1, 14-15 (1890); *see also Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 268 (1997) ("suits invoking the federal-question jurisdiction of Article III courts may [ ] be barred by the [Eleventh] Amendment"). One exception to the sovereign immunity of states has been recognized for suits suing individual state officers in their individual capacities. *See Ex parte Young*, 209 U.S. 123, 159-160 (1908); *cf. Flint v. Dennison,* 488 F.3d 816, 824-25 (9th Cir. 2007) (Eleventh Amendment bars section 1983 damages claims against state officials in their official capacity). Here, Plaintiff is suing a state agency and is seeking both a declaration that the agency violated her due process rights and damages from the alleged violation of her due process rights. Because she is not seeking prospective relief from the agency,[8] her Fourteenth Amendment claim against DWSS and AAO is

---

[8]Plaintiff cites to *K.W. ex rel. D.W. v. Armstrong*, 789 F.3d 962 (9th Cir. 2015), but that case permitted a Fourteenth Amendment claim against Idaho's Department of Health and Welfare because the relief requested by the plaintiffs was prospective injunctive relief to reinstate certain social assistance benefits. 789 F.3d at 974. Here, Plaintiff makes mention of injunctive relief but vaguely asks for "injunctive [*sic*] . . . due to
*(fn. cont...)*

1  dismissed with prejudice. The Court will permit Plaintiff leave to amend this claim so that

2  she may attempt to allege a Fourteenth Amendment claim against the agency individuals

3  of DWSS and/or AAO that she contends violated her due process rights while acting in

4  their individual capacities.

### 2.    Supremacy Clause Claim

6      Plaintiff's Supremacy Clause or preemption claim is problematic for two reasons.

7  First, the Supreme Court has held that the Supremacy Clause on its own does not confer

8  a right of action for which an individual may bring suit, and it is not a mechanism by

9  which a party may get a state to comply with federal law. *See Armstrong v. Exceptional*

10 *Child Center, Inc.*, 135 S. Ct. 1378, 1381, 1384 (2015) (finding that the Supremacy

11 Clause only instructs courts to give federal law priority when state and federal law clash

12 and that the Court's preemption jurisprudence does not demonstrate that the Supremacy

13 Clause creates a cause of action for its violation). Second, to the extent Plaintiff brings a

14 preemption claim, she fails to identify what state laws or regulations, if any, are

15 preempted by the federal regulations she cites to in her complaint and fails to specify

16 any relief that would redress this claim in the complaint, i.e., a declaration that state law

17 is preempted by federal law or injunctive relief that requires that the state not apply its

18 law going forward. Moreover, the Court finds that amendment of this claim would be

19 futile; the doctrine of preemption does not apply here because Nevada does not have

20 any state laws or regulations on SNAP calculations. The formula for calculating SNAP

21 benefits is set by the federal government, and the state merely creates a plan of

22 operation to carry out the SNAP program—specifically the manner in which it certifies

23 household eligibility and distributes SNAP benefits—that is then approved by the

24 Secretary of the USDA. *See* 7 U.S.C. §§ 2014, 2020(a)(1) & (d). Therefore, Plaintiff's

25 Supremacy Clause claim is dismissed with prejudice.

26

*(…fn. cont.)*

27 unfair treatment and loss of SNAP benefits." The Court is unsure what Plaintiff means
and is unable to construe this as a request for prospective injunctive relief. (ECF No. 1-1

28 at 12.)

### 3.    ADA Claim

"To prove that a public program or service violated Title II of the ADA, a plaintiff must show: (1) [s]he is a qualified individual with a disability;[9] (2) [s]he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial, or benefits, or discrimination was by reason of [her] disability." *Duvall*, 260 F.3d at 1135 (internal quotation marks omitted). Plaintiff avers that she has ADHD and that the agency failed to communicate with her effectively. (ECF No. 1-1 at 10.) However, these allegations fail to meet the requirements to plead a claim under Title II of the ADA. First, the Court is unclear how failure to communicate effectively falls within any of the activities identified in the second prong. Second, Plaintiff fails to make clear whether she is a "qualified individual with a disability," as in the section of this claim she only references ADHD,[10] which the Ninth Circuit has held may not qualify as a disability under the ADA unless it is shown to substantially limit the ability of an individual to perform a major life activity—such as working or interacting with others—as compared to most people in the general population. *See Weaving v. City of Hillsboro*, 763 F.3d 1106, 1111-1112 (9th Cir. 2014). An individual may also fall within the definition of a "qualified individual with a disability" if she has a record of a mental or physical impairment that substantially limits one or more major life activities or if she is "regarded as having such an impairment." *See* 29 C.F.R. § 1630.2(k) & (l). Third, Plaintiff does not state that DWSS and/or AAO were aware that she had a disability—although she notes that she is "considered to be disabled for SNAP purposes"—such that the failure to communicate or any other such action consistent with the second prong was because of her disability. (ECF No. 1-1 at 2.)

---

[9]*See supra* n.7.

[10]Plaintiff notes at the outset of the complaint that she was diagnosed with bipolar depression and obesity in 2011 and is considered disabled for SNAP purposes. (ECF No. 1-1 at 2.) However, it is unclear to the Court whether any of these qualify as disabilities under the ADA. *See* 29 C.F.R. § 1630.2(g) *et seq*.

1  The Court therefore dismisses this claim. However, because it is unclear whether

2  amendment may cure the deficiencies identified here, the Court gives Plaintiff leave to

3  amend this claim.

4  **4.    Eighth Amendment Deliberate Indifference Claim**

5  The Court finds Plaintiff's Eighth Amendment claim to be a legally uncognizable

6  claim as the standard of "deliberate indifference" under the Eighth Amendment is wholly

7  inapplicable to the factual circumstances that Plaintiff has alleged in the complaint. The

8  "deliberate indifference" standard ensues from the Eighth Amendment's prohibition

9  against "cruel and unusual [*physical*] punishments inflicted" upon *prison inmates*.[11] U.S.

10  CONST. amend. VIII. Moreover, section 1983 generally does not apply to state agencies.

11  *See* discussion *supra* Sec. IV(C)(i).

12  This claim is therefore dismissed with prejudice.

13  **V.    CONCLUSION**

14  It is therefore ordered, adjudged and decreed that the Report and

15  Recommendation of Magistrate Judge Valerie P. Cooke (ECF No. 3) is accepted and

16  adopted in part.

17  It is ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1)

18  without having to prepay the full filing fee is granted.

19  It is further ordered that the Clerk detach and file the complaint (ECF No. 1-1).

20  It is further ordered that Plaintiff's complaint is dismissed without prejudice as to

21  the ADA claim and with leave to amend to cure the deficiencies with respect to this

22  claim; Plaintiff's remaining claims against DWSS and AAO are dismissed with prejudice.

23  However, Plaintiff is given leave to amend her Fourteenth Amendment claim to bring

24

25  [11]To the extent contentions of deliberate indifference may be brought under the Fourteenth Amendment of the United States Constitution. *see Byrd v. Maricopa Cty. of*
26  *Supervisors*, 845 F.3d 919, 924 (9th Cir. 2017), this is wholly inapplicable here. There is no contention that Plaintiff was detained during this administrative hearing—she appears
27  to have appeared by phone (*see* ECF No. 1-1 at 3)—nor is it plausible that a person would be physically detained during the regular course of a state agency hearing to
28  determine SNAP benefit eligibility.

such a claim against individual defendants of DWSS and/or AAO acting in their individual capacities if she so chooses. Plaintiff must file an amended complaint within thirty (30) days of this order addressing the deficiencies identified herein. The amended complaint must be complete in itself. That is, it may not incorporate by reference the original complaint and should include facts relevant only to Plaintiff's ADA claim and Fourteenth Amendment claim against individual state officials if she chooses to bring it. Failure to file an amended complaint within this thirty-day deadline will result in dismissal of the ADA claim with prejudice.

DATED THIS 28th day of February 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE