|  |  |
|---|---|
| | **UNITED STATES DISTRICT COURT** |
| | **DISTRICT OF NEVADA** |
| TERRIA MCKNIGHT,<br><br>     Plaintiff,<br><br>  v.<br><br>NEVADA DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF WELFARE AND SUPPORTIVE SERVICES., *et al.*,<br><br>     Defendants. | 3:17-cv-00483-MMD-VPC<br><br><br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's first amended complaint (ECF No. 7). For the reasons discussed below, the court recommends that the amended complaint be dismissed with leave to amend.

## I.   BACKGROUND AND PROCEDURAL HISTORY

Terria McKnight ("plaintiff") is an individual with disabilities who resides in Lyon County, Nevada. Her claims for relief arise from her application for redetermination of eligibility for Supplemental Nutritional Assistance Program ("SNAP") benefits. (*See* ECF No. 1-1, 7.)

On October 30, 2017, this court issued a report and recommendation to the District Court recommending that plaintiff's application to proceed *in forma pauperis* be granted and screening plaintiff's original complaint. (ECF No. 3.) On February 28, 2018, the District Court adopted and accepted the report and recommendation in part. (ECF No. 5.) It dismissed plaintiff's claim ADA Title II claim against the Nevada Department of Health and Human Services Division of Welfare and Supportive Services ("DWSS") and the DWSS Administrative Adjudication Office ("AAO") without prejudice, with leave to amend to cure the deficiencies it noted. (*Id.* at 12.) Additionally, the court dismissed plaintiff's Supremacy Clause claim, Eighth Amendment deliberate indifference

claim, and Fourteenth Amendment procedural due process claim against DWSS and AAO with prejudice. (*Id.*) Finally, the court granted plaintiff leave to amend her Fourteenth Amendment claim to provide her with the opportunity to bring such a claim against individual defendants of DWSS or AAO acting in their individual capacities. (*Id.* at 12-13.)

Plaintiff filed her first amended complaint ("FAC") on March 14, 2018. (ECF No. 7.) The allegations presented in the FAC differ somewhat from the allegations presented in the original complaint, so the court will provide a brief summary. *See* LOCAL RULES OF PRACTICE FOR THE U.S. DISTRICT COURT FOR THE DISTRICT OF NEVADA LR 15-1(a) (amended complaint supersedes the original complaint in its entirety.)

On March 22, 2017, plaintiff submitted a redetermination application requesting Supplemental Nutrition Assistance Program ("SNAP") benefits. (ECF No. 7 at 3.) The DWSS Yerington Office conducted an in-person interview concerning her application. (*Id.*) While "inputting expenses into the computer to be calculated," an interviewer refused to accept plaintiff's evidence of her medical and shelter expenses because she had "all the information she need[ed] in the computer." (*Id.*) On March 29, 2017, DWSS sent plaintiff denial letter in which plaintiff's shelter expenses were listed incorrectly. (*Id.*)

Plaintiff filed an appeal on May 2, 2017 and a telephone hearing was subsequently held on May 22, 2017. (*Id.* at 4.) After thirty minutes had elapsed in the hearing, the hearing officer asked plaintiff "[d]id you receive the information from the DSS agency?" (*Id.*) Plaintiff replied "No." (*Id.*) Consequently, fifty-three pages of documents and exhibits were faxed to plaintiff, but portions of the copies were "blackened out and unreadable." (*Id.*) Additionally, the hearing officer "started speaking really fast as she was reading the documents." (*Id.*)

Plaintiff notified the hearing officers that she was confused and having a hard time following along, and that she was unable to defend herself properly because was not provided the evidence before the hearing. (*Id.*) A hearing officer replied that "this is the way we always do this." (*Id.*) Plaintiff "expressed that she did not believe that justice would be done and that [she] believed that because of the conduct during the hearing that a decision was already made against

the plaintiff." She then stated that she would wait for the hearing decision before taking further action. (*Id.*)

The AAO sent plaintiff the hearing decision on July 10, 2017. (*Id.*) The decision ruled against her on the basis of "evidence that a reasonable mind might accept as adequate to support a conclusion," although plaintiff notes that the hearing officer only considered the agency's information rather than all the facts pertaining to the case. (*Id.*) (citing *Yamaja Motor Co. v. Arnoult*, 114 Nev. 233 (1998).

Although her allegations concern DWSS[1] generally, she claims to bring this action against Sarah Polier of the Centralized Hearings Representative Team ("CHRT"), Hearing Officer Lori Kreck, and Hearing Officer Kari Yelenich. (ECF No. 7 at 2.) Plaintiff alleges that defendants' conduct during plaintiff's appeal of her application for redetermination of Supplemental Nutrition Assistance Program ("SNAP") benefits violated her constitutional and statutory rights. (*Id.*) Specifically, the FAC presents the following claims: (1) a Fourteenth Amendment Procedural Due Process claim (Count I); (2) an ADA Title II claim (Count II); and, (3) a breach of contract claim (Count III). Plaintiff seeks monetary damages in the amount of $800,000. (*Id.* at 8.) The court now turns to its screening of plaintiff's FAC pursuant to 28 U.S.C. § 1915.

## II.   LEGAL STANDARD

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. Section 1915 provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies

---

[1] Plaintiff refers to the AAO only once in stating the nature of the case, and does not include either the DWSS or the AAO in listing the parties to the case. She does not otherwise distinguish between the DWSS and the AAO. Because the AAO is a subdivision of the DWSS, the court refers only to the DWSS when discussing plaintiff claims. Plaintiff may clarify whether she intended the DWSS and AAO to be distinct defendants, and if so, what claims she intends to bring against these entities.

3

the same standard under section 1915 when reviewing the adequacy of a complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

Under Rule 12(b)(6), the court must dismiss the complaint if it fails to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the complaint need not contain detailed factual allegations, it must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court takes particular care when reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, the *pro se* plaintiff should be given leave to amend the complaint, and some notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

### III.   DISCUSSION

**A. Fourteenth Amendment Procedural Due Process Claim**

The district court previously dismissed plaintiff's procedural due process claim against DWSS with prejudice because, as a state agency, it enjoys sovereign immunity from suits brought under section 1983. (ECF No. 5 at 9.) Because sovereign immunity does not insulate individual state officers from individual capacity claims, *Ex parte Young*, 209 U.S. 123, 159-160 (1908), plaintiff was granted leave to amend "so that she may attempt to allege a Fourteenth Amendment claim against the agency individuals of DWSS and/or AAO that she contends violated her due process rights while acting in their individual capacities." (ECF No. 5 at 10.)

Plaintiff fails to provide sufficient information to cure her due process claim. 28 U.S.C. § 1915(e)(2)(B). Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "a short and plain statement

of the claim showing that the pleader is entitled to relief, in order to give the defendants fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation and alteration omitted).  A plaintiff must allege overt facts that shows a defendant's particular involvement in the claims before the court. *Jones*, 733 F.2d at 649.  A complaint that is "without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

Plaintiff names three individual DWSS officers as defendants at the start of her complaint: CHRT member Sarah Polier, Hearing Officer Lori Kreck, and Hearing Officer Kari Yelenich. (ECF No. 7 at 2.)  However, she does not describe their respective roles in allegedly depriving plaintiff of due process.  In Count I, plaintiff complains only that "[t]here is nothing fair about receiving information 30 minutes into the hearing and being expected to focus and concentrate and read over their evidence …." (ECF No. 7 at 5.)  Count I is silent as to the actors responsible for depriving plaintiff of a fair opportunity to examine the documents used at her hearing. (*Id.*)  More generally, plaintiff's FAC makes no reference to the named individual officers, making it impossible for the court to determine, for example, what role Sarah Polier played in plaintiff's claim as a "part of the Centralized Hearing Representative Team." (*Id.* at 2.)  The allegations are also unclear as to whether both Kari Yelenich and Lori Kreck were the hearing officers presiding over plaintiff's hearing[2], and if so, what their respective conduct was during the hearing. (*See* ECF No. 7 at 3-5.)  The court is unable to draw any inferences about the involvement of these three individual defendants from their job titles alone.  If plaintiff is unsure, then she should state her basis for naming these individuals as defendants.

Accordingly, the court recommends that plaintiff's Count I procedural due process claim be dismissed without prejudice because it does not provide the named agency officers notice of the factual grounds upon which plaintiff's procedural due process claim rests. FED. R. CIV. P. 8(a)(2); *see Pena*, 976 F.2d at 471 (liberal construction cannot supply missing element of *pro se* plaintiff's

---

[2] The wording of plaintiff's factual allegations does not suggest that multiple hearing officers participated in her hearing, and instead attributes the challenged conduct to "the hearing officer" or "the DSS agency representative." (ECF No. 7 at 4.)

claim). Plaintiff should be granted leave to amend to provide her with the opportunity to describe the specific actions of each state agency officer whom she claims deprived her of procedural due process. *Cato*, 70 F.3d at 1106.

**B.     ADA Title II Claim**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132 (2018). To state a claim, a plaintiff must allege:

> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

*O'Guinn v. Lovelock*, 502 F.3d 1056, 1060 (9th Cir. 2007) (citation and quotation omitted). The Ninth Circuit has interpreted the causal language "by reason of" to require that a plaintiff show that a discriminatory reason was a "motivating factor" in the defendant's decision. *Head v. Glacier Northwest Inc.*, 413 F.3d 1053, 1065 (9th Cir. 2005). Furthermore, to recover monetary damages, a plaintiff must prove intentional discrimination by the defendant. *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1138–39 (2001). The standard for intentional discrimination is deliberate indifference, requiring the plaintiff to show that the defendant knew "harm to a federally protected right [wa]s substantially likely" and failed to act upon that likelihood. *Id.* at 1139.

Plaintiff may proceed on her ADA claim against DWSS. First, she alleges that she suffers from Bipolar Disorder and that it affects her mood, energy and ability to think clearly. (ECF No. 7 at 3.) Second, she appears to allege that her mental impairment substantially limits the major life activities of "learning, reading, concentrating, thinking, communicating, interacting with others, and working." (*Id.* at 3); *see* 42 U.S.C. 12102(2)(A) (listing major life activities). At the pleading stage, these allegations are sufficient to show that she is a qualified individual under the ADA. *Alejandro v. ST Micro Elecs., Inc*, 129 F. Supp. 3d 898, 908 (N.D. Cal. 2015) ("By listing the specific conditions from which Plaintiff suffers, Plaintiff satisfies the requirement that the FAC allege his disability with specificity.")

Third, plaintiff alleges that she was denied the benefit of "full participation" in her SNAP hearing because plaintiff was not provided with documents used in the hearing until thirty minutes into the hearing and because the hearing officer read aloud so fast that plaintiff had "a hard time following along." (ECF No. 7 at 4, 5-6.)  Under 7 C.F.R. 273.15, hearing officers have an obligation to "make particular efforts to arrive at the facts of the case in a way that makes the household feel most at ease," which includes permitting applicants to "[e]xamine all documents and records to be used at the hearing at a reasonable time *before* the date of the hearing as well as during the hearing." 7 C.F.R. 273.15 (2018).

Finally, plaintiff carries her burden with respect to prongs three and four under a failure to accommodate theory. 28 C.F.R. § 35.160(b)(1). Plaintiff alleges that DWSS was aware plaintiff was disabled by way of the medical records and social security documents plaintiff had submitted that indicated plaintiff's diagnosis for Bipolar Disorder. (ECF No. 7 at 5-6.)  Plaintiff also explained to the hearing officer that she was becoming confused by the process and that "not having the evidence before the hearing was not going to allow me to defend myself properly." (*Id.* at 4.) Despite plaintiff's disability and her express objections, the agency continued with the hearing without providing plaintiff an accommodation. (*Id.* at 4.)  The court recommends that plaintiff's Title II ADA claim be permitted to proceed.

**C.    Breach of Contract Claim**

Plaintiff attempted to bring a breach of contract claim in her original complaint (ECF No. 1-1), but the district court declined to recognize her claim because "plaintiff does not identify a contract that has been breached, and the cases cited relate to procedural due process." (ECF No. 5 at 5.)  Instead, the court construed plaintiff's breach of contract claim as being redundant with her Fourteenth Amendment procedural due process claim. (*Id.*)  Despite the district court's implicit dismissal, plaintiff brings a breach of contract claim in her FAC. (ECF No. 7 at 6-7.)

Nothing in plaintiff's FAC compels a different conclusion.  Plaintiff does not identify an express contract in dispute, but appears to advance the theory that an implied contract existed between the parties. (*Id.* at 7.)  Construing her FAC liberally, she appears to assert that 7 C.F.R. 273.15, which sets forth the rights that persons have during a hearing on SNAP benefits, constitutes

1  the terms of the implied contract. (*Id.* at 6-7.) It mandates that SNAP applicants and recipients
2  who are entitled to a hearing must be given adequate opportunity to, *inter alia*, "advance arguments
3  without undue interference," "question or refute any testimony or evidence," and "submit evidence
4  to establish all pertinent facts and circumstances in the case." 7 C.F.R. 273.15 (2018). However,
5  because the DWSS is legally bound to protect the applicant's rights enumerated in 7 C.F.R. 273.15
6  regardless of whether a contract is in place, the promise to perform these legal duties is inadequate
7  consideration to imply the existence of a contract. *See Walden v. Backus*, 81 Nev. 634 (1965). The
8  same reasoning applies with full force to the DWSS's duty to provide plaintiff with SNAP benefits,
9  should she prove her eligibility. *Id.*

Plaintiff's citation to *Doe v. Gonzaga*, 143 Wash.2d 687 (2001)[3] is irrelevant as it concerns a jury's finding of an implicit contract between a student and a university under Washington state law. 143 Wash.2d 687, 712 (2001), *rev'd on other grounds*, 536 U.S. 273 (2002). Furthermore, the Washington Supreme Court affirmed the jury's finding due in part to a student handbook that explicitly stated "that admission constitutes an agreement of mutual responsibility" and that specified the responsibilities of each party to one another. *Id.* Unlike the student-plaintiff in *Gonzaga*, plaintiff does not allege that DWSS disseminated documents or otherwise engaged in conduct that reflects a "mutual intention on the part of the parties to contract with each other." *Id.*; *Warrington v. Empey*, 95 Nev. 136 (1979) (holding that under Nevada law, manifestations by the parties of an intent to contract are essential to the creation of an implied contract). Plaintiff presents no facts to suggest that a contract between the parties was created.

The court recommends that plaintiff's breach of contract claim be dismissed. It is clear that plaintiff can allege no set of facts that would transform her application for redetermination of SNAP benefits into a contract with DWSS officers. Therefore, dismissal should be with prejudice as amendment of this claim would be futile.

---

[3] Plaintiff provides an excerpt from *Doe v. Gonzaga*, but misattributes the excerpt to the later Supreme Court case *Gonzaga University v. Doe*, 536 U.S. 273 (2002), which reversed the *Doe v. Gonzaga* court's judgment on the plaintiff's claim under the Family Educational Rights and Privacy Act of 1974. 536 U.S. 273.

## IV.  CONCLUSION

For the foregoing reasons, the court finds that plaintiff's due process claim should be dismissed without prejudice, with leave to amend to permit plaintiff to describe the involvement of each named DWSS officer in her procedural due process claim.  The court recommends that plaintiff's ADA Title II claim be permitted to proceed.  Finally, the court finds that plaintiff's breach of contract claim fails because her allegations are insufficient to establish the existence of a contract.  The court recommends this claim be dismissed with prejudice as amendment would be futile. the amended complaint must be dismissed.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of judgment.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's Fourteenth Amendment procedural due process claim against individual DWSS officers (Count I) be **DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND**;

**IT IS FURTHER RECOMMENDED** that plaintiff's ADA Title II claim (Count II) be permitted to proceed; and

**IT IS FURTHER RECOMMENDED** that plaintiff's breach of contract claim (Count III) be **DISMISSED WITH PREJUDICE.**

**DATED**: June 20, 2018.

_____
**UNITED STATES MAGISTRATE JUDGE**