UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| TERRIA McKNIGHT, | Case No. 3:17-cv-00483-MMD-CBC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| NEVADA DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF WELFARE AND SUPPORTIVE SERVICES ADMINISTRATIVE ADJUDICATION OFFICE, *et al.*, | |
| Defendants. | |

Before the Court is the Report and Recommendation of United States Magistrate Judge Valerie P. Cooke (ECF No. 10) ("R&R") relating to the screening of Plaintiff's *pro se* Amended Complaint (ECF No. 7).[1] Judge Cooke recommended: (1) dismissing Plaintiff's Fourteenth Amendment claim against individual officers with the Division of Welfare and Supportive Services ("DWSS") (as alleged in Count I); (2) permitting Plaintiff to proceed on her ADA Title II claim (as alleged in Count II); and dismissing Plaintiff's breach of contract claim (Count III) with prejudice. (ECF No. 10.) Plaintiff filed an objection ("Objection") (ECF No. 11), as well as a document titled "Amendment of Count I" ("Amendment") (ECF No. 12). For the reasons stated below, the Court overrules Plaintiff's Objection.

---

[1] The Court previously screened Plaintiff's initial complaint and granted her leave to amend. (ECF No. 5.)

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1)(C). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Plaintiff does not object to the Magistrate Judge's recommendation as to dismissal of Count I with leave to amend.[2] The Court agrees with the recommendation and will adopt it.

Plaintiff argues in her Objection that the Court should not dismiss her breach of contract claim. While Plaintiff's arguments are difficult to decipher, she appears to argue

---

[2] In fact, Plaintiff submitted her amendment of Count I. (ECF No. 12.) However, the Amendment is improper in that it relates only to Count I. Because an amended complaint supersedes a prior complaint, Plaintiff must file a second amended complaint that incorporates her amendment as to Count I, not a stand alone Amendment. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). The Court will therefore strike the Amendment.

that her breach of contract claim is an attempt to enforce rights under 7 C.F.R. § 273.15, including a right to require DWSS to act in good faith. (*See* ECF No. 11.) Plaintiff cites to cases addressing a breach of the implied covenant of good faith and fair dealing. (*See id.* at 2.) However, a claim for contractual breach of the implied covenant of good faith and fair dealing requires the existence of an agreement between the parties. *See Hilton Hotels v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 923 (Nev. 1991) (stating that a cause of action for breach of the covenant of good faith and fair dealing requires an an element that the parties were parties to an agreement). Plaintiffs' allegations do not show the existence of an enforceable agreement to support her breach of contract claim in Count III, let alone a breach of the covenant of good faith and fair dealing implicit in such a agreement. The Court therefore overrules Plaintiff's Objection.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (ECF No. 10) is accepted and adopted in full. Plaintiff's Fourteenth Amendment claim (Count I) is dismissed without prejudice and with leave to amend. Plaintiff may proceed on her ADA Title II claim (Count II). Plaintiff's breach of contract claim (Count III) is dismissed with prejudice.

If Plaintiff chooses to file a second amended complaint curing the deficiencies as to Count I, as outlined in the R&R, Plaintiff must file the amended complaint within thirty (30) days from date of entry of this order. If Plaintiff chooses not to file a second amended complaint within thirty (30) days, the Court will dismiss Count I with prejudice and the case will proceed on Count II.

DATED THIS 25th day of September 2018.

---

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE