UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TERRIA MCKNIGHT,

                Plaintiff,

v.

NEVADA DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIVISION OF WELFARE AND SUPPORTIVE SERVICES, *et al.*,

                Defendants.

Case No. 3:17-CV-00483-MMD-CBC

**ORDER**

Before the Court is Terria McKnight's ("McKnight") Second Amended Complaint ("SAC"). (ECF No. 15.) For the reasons discussed below, Count I and II in plaintiff's second amended complaint shall be permitted to proceed.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

McKnight is a disabled individual who resides in Lyon County, Nevada. (ECF No. 10.) Her claims for relief arise from her application for redetermination of eligibility for Supplemental Nutritional Assistance Program ("SNAP") benefits. (See ECF No. 1-1, 7.)

On August 15, 2017, McKnight submitted a first amended civil rights complaint ("FAC") under 42 U.S.C. § 1983 against Centralized Hearings Representative Team ("CHRT") member Sarah Polier, Hearing Officer Lori Kreck, and Hearing Officer Kari Yelenich (collectively referred to as "Defendants"). (ECF No. 1, at Ex. 1.) On the same date, McKnight filed an application to proceed in *forma pauperis*. (ECF No. 1.) On September 25, 2018, the Court accepted a Report and Recommendation granting McKnight's application to proceed in *forma pauperis*. (ECF No. 3.) In addition, the Court screened McKnight's FAC and determined that Count I should be dismissed without prejudice and with leave to amend because McKnight did not provide enough factual detail about Defendants' alleged due process violations, Count II should proceed, and Count III should be dismissed with prejudice. (ECF No. 14.) McKnight has submitted a SAC in

if the claim "lacks an arguable basis in either law or fact." *Id.* This includes claims based on untenable legal conclusions (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist) or fanciful factual allegations (e.g., fantastic or delusional scenarios).

## III. ANALYSIS

McKnight's SAC has sufficiently corrected the defects previously identified in the Court's prior screening order. (ECF No. 10.) The Court dismissed Count I because McKnight did not provide the named agency officers notice of the factual grounds upon which her procedural due process claim rests. (ECF No. 10.) However, in the SAC, McKnight provides more details about the named agency officers and their alleged due process violations. (ECF No. 15.)

Regarding Polier, McKnight states that Polier did not ask for relevant medical documentation prior to the hearing and did not consult evidence aside from her own. (*Id.*, at 7 – 9.) Regarding Kreck and Yelenich, McKnight states that they "did not make rules on evidence exchange prior to [the] hearing." (*Id.*, at 7.) Finally, McKnight states that she "expressed to the two hearing officers [Kreck and Yelenich] that she felt the way the hearing was being held violated her rights to due process, because the notices given to [her] was [sic] unclear." (*Id.*)

McKnight has provided additional details which identify the individuals involved with the hearing at issue, what those individuals did at the hearing, and why McKnight believes those individuals' actions deprived her of due process. (*Id.*, at 7 – 13.) As previously stated, the Court dismissed Count I because McKnight did not describe Defendants' respective roles in allegedly depriving her of due process. (ECF No. 10.) Since McKnight is a pro se litigant, her pleadings are reviewed with a more forgiving standard than formal pleadings drafted by lawyers. *See Nordstrom*, 762 F.3d at 908 (9th Cir. 2014). As such, the information McKnight provided in the SAC is sufficient to provide the named agency officers notice of the factual grounds upon which her procedural due process claim rests.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** Count I shall be permitted to proceed against Defendants Sarah Pollier, Lori Kreck, and Kari Yelenich, and Count II shall be permitted to proceed against Defendants Nevada Department of Health and Human Services Division of Welfare and Supportive Services ("DWSS") and the DWSS Administrative Adjudication Office ("AAO").

The Clerk shall **ISSUE** summonses for the **Nevada Department of Health and Human Services Division of Welfare and Supportive Services ("DWSS"), the DWSS Administrative Adjudication Office ("AWO"), Sarah Pollier, Lori Kreck,** and **Kari Yelenich** and send the same to the U.S. Marshal. The Clerk shall also **SEND** sufficient copies of the second amended complaint (ECF No. 15), and this order to the U.S. Marshal for service on the defendants. The Clerk shall **SEND** to plaintiff sufficient USM-285 forms. Plaintiff shall have until **Friday, March 15, 2019,** to complete the USM-285 service forms and return them to the U.S. Marshal, 400 South Virginia Street, 2nd Floor, Reno, Nevada 89501.

If plaintiff fails to follow this order, the above-named defendants will be dismissed for failure to complete service of process pursuant to Fed.R.Civ.P. 4(m).

DATED THIS 25th day of February 2019.

_____
UNITED STATES MAGISTRATE JUDGE

- 4 -