UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TERRIA MCKNIGHT,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>NEVADA DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIVISION OF WELFARE AND SUPPORTIVE SERVICES, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 3:17-cv-00483-MMD-CLB<br><br>ORDER |

**I.　SUMMARY**

Plaintiff Terria McKnight brings this action *pro se* based on events that occurred during a state administrative hearing ("Hearing") to determine her eligibility for Supplemental Nutritional Assistance Program ("SNAP") benefits. (ECF No. 6.) Before the Court is Defendant State of Nevada *ex rel.* Nevada Department of Health and Human Services, Division of Welfare and Supportive Services ("DWSS")'s motion for summary judgment ("Motion") filed on October 23, 2019. (ECF No. 45.) To date, Plaintiff has not responded. For the following reasons, the Court grants the Motion.

**II.　BACKGROUND**

The relevant background facts are adapted from Plaintiff's Second Amended Complaint ("SAC") (ECF No. 15) and the undisputed facts presented in the Motion (ECF No. 45) unless otherwise noted.

Plaintiff alleges that she is a disabled individual who resides in Lyon County, Nevada. (ECF No. 15 at 2, 10.) Plaintiff submitted a SNAP redetermination application requesting SNAP benefits in March 2017. (*Id.* at 4.) Plaintiff attended an in-person interview with DWSS in Yerington. (*Id.* at 5.) When the interviewer entered expenses into

the computer, the interviewer refused to enter medical and shelter costs even though Plaintiff pays other necessary household and personal expenses. (*Id.*) DWSS sent Plaintiff an insufficient information request on March 29, 2017, showing that her shelter expenses were never considered. (*Id.*)

Plaintiff filed an appeal and participated in the Hearing by telephone. (*Id.*) The Hearing was adversarial in nature but did not incorporate rules of evidence. (ECF No. 30 at 6.) Plaintiff, in gist, contends that she was not provided with relevant documents sufficiently in advance for her to review, those involved were reading the documents too fast, and the way the Hearing was held affected her ability to think clearly, read and concentrate due to her disability. (ECF No. 15 at 5-7, 11.) DWSS subsequently affirmed its earlier decision. (*Id.* at 6.)

Following screening, the Court permitted Plaintiff to proceed on a claim for violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA Title II"), against DWSS and the DWSS Administrative Adjudication Office ("AAO[1]").[2] (ECF No. 14 at 3.)

## III.   LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party, and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where

---

[1]The Motion is filed by DWSS but the AAO is within the DWSS; accordingly, the Court construes the Motion as being asserted on behalf of AAO as well.

[2]Plaintiff was also permitted to proceed with a due process claim against the individuals who participated in the Hearing: Sarah Polier, Lori Kreck, and Kari Yelenich. (ECF No. 15.) However, the Court found these defendants are entitled to qualified immunity and granted their motion to dismiss. (ECF No. 43 at 5-6.)

reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**IV.    DISCUSSION**

Defendant's primary argument is that Plaintiff fails to establish the elements of her ADA Title II claim. (ECF No. 45 at 8-12.) The Court agrees based on the undisputed evidence presented in the Motion.

"To prove that a public program or service violated Title II of the ADA, a plaintiff must show: (1) [s]he is a qualified individual with a disability; (2) [s]he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such

exclusion, denial, or benefits, or discrimination was by reason of [her] disability." *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

Defendant argues that Plaintiff fails to offer evidence during discovery to support the first element. (ECF No. 45 at 9-10.) The ADA defines "qualified individual with a disability" as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). A disability is "a physical or mental impairment that substantially limits one or more major life activities of" the individual, or "a record of such an impairment," or "being regarded as having such an impairment." 42 U.S.C. § 12102(1).

Plaintiff alleges in the SAC that she has bipolar disorder. (ECF No. 15 at 3.) However, in response to Defendant's interrogatory about her disability, Plaintiff essentially responded that the Court found her to have a qualified disability. (ECF No. 40 at 8.) But the Court made no such finding. To the contrary, in the Court's earlier order, the Court noted that it is unclear whether Plaintiff's disability for SNAP purposes as alleged in her initial complaint—bipolar disorder and obesity—qualifies as disabilities under the ADA. (ECF No. 5 at 11 n.10; *see also* ECF No. 1-1 at 2.) Plaintiff offers no evidence that her bipolar disorder meets any of the three definition of disability under § 12102(1), let alone that she is a qualified individual.

Defendant further argues that Plaintiff offers no evidence of discrimination. (ECF No. 45 at 10-12.) Having reviewed Plaintiff's response to Defendant's interrogatory (ECF No. 45-1 at 118) and absent any response to the Motion, the Court agrees that Plaintiff offers no evidence to support her allegations that the SNAP benefits were denied due to disability discrimination.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several

cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Defendant's motion for summary judgment (ECF No. 45) is granted.

The Clerk of Court is directed to enter judgment in favor of the two remaining defendants in accordance with this order and close this case.

DATED THIS 17th day of April 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE